**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Paul ARNOTT, Defendant-Appellant.**

No. 82–1090.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 27, 1983.

Decided April 8, 1983.

As Amended July 19, 1983.

Barry L. Moon, Fenton, Mich. (court-appointed), for defendant-appellant.

Leonard R. Gilman, U.S. Atty., Ellen Dennis, Asst. U.S. Atty., Detroit, Mich., for plaintiff-appellee.

Before KEITH and KRUPANSKY, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

KRUPANSKY, Circuit Judge.

Paul Arnott (Arnott) directly appeals the judgment of the United States District Court for the Eastern District of Michigan entered in accordance with a jury conviction on the indicted charges of conspiracy to possess with intent to distribute and to distribute cocaine and conspiracy to manufacture phencyclidine, both in violation of 21 U.S.C. §§ 841(a)(1) and 846, distribution and aiding and abetting in the distribution of cocaine, in violation of 18 U.S.C. § 2(a) and 21 U.S.C. § 841(a)(1), and use of a

**324**

communication facility to facilitate the distribution of cocaine, in violation of 21 U.S.C. § 843(b).

At trial Arnott testified in his own behalf and advanced a defense of entrapment. It was represented to the district court that Joseph Frontiera (Frontiera) would be offered as a defense witness to corroborate Arnott's defense of entrapment. Frontiera had been indicted on charges unrelated to those of Arnott's trial. Arnott moved for a preliminary ruling by the court under Rule 611, Federal Rules of Evidence, to limit the scope of cross-examination of Frontiera by the prosecution to the subject matter of direct-examination. It was theorized that Frontiera would be able to respond to various questions on direct-examination concerning the issue of entrapment without incriminating himself but that cross-examination could lead to incriminating testimony if not limited by the court. During a voir dire examination, Frontiera indicated that he would invoke the fifth amendment and refuse to answer any potentially incriminating questions unless "given *full* immunity by the court." Arnott's counsel thereupon declined the court's invitation to elicit from Frontiera the explicit questions which would be posed on direct-examination. This refusal of defense counsel deprived the court of an opportunity to consider the validity of any asserted claim of privilege by Frontiera. Rather, Arnott's counsel simply reiterated the position that, with limited cross-examination, neither direct nor cross-examination would infringe upon Frontiera's fifth amendment guarantees:

THE COURT: Questions, Mr. Moon.

MR. MOON (Arnott's counsel): Only the statement, your Honor, as I understand my conversation with Mr. Frontiera, the kind of questions I would ask him based upon the Court's discretion to allow cross-examination and its relevance, I don't have any questions of Mr. Frontiera that would be outside the scope of which he is concerned.

 On appeal, Arnott submits that the district court's failure to exercise Rule 611, Fed.R.Evid., discretion to limit cross-examination of Frontiera to the subject matter of direct-examination and matters affecting the credibility of the witness served to preclude Frontiera from testifying in Arnott's behalf and thereby effectively deprived Arnott of his sixth amendment right to confront and examine Frontiera. Rule 611(b) provides:

(b) *Scope of Cross-examination.* Cross-examination should be limited to the subject matter of the direct examination and matters affecting the credibility of the witness. The court may, in the exercise of discretion, permit inquiry into additional matters as if on direct examination.

The subject matter of direct examination and issues of witness credibility are always open to cross-examination. *United States v. Raper,* 676 F.2d 841 (D.C.Cir.1982). Cross-examination into collateral and other matters "as if on direct" are addressed to the court's discretion. *Raper, supra; United States v. Stephens,* 492 F.2d 1367 (6th Cir.), *cert. denied,* 419 U.S. 852, 95 S.Ct. 93, 42 L.Ed.2d 83 (1974). The "subject matter of the direct examination," within the meaning of Rule 611(b), has been liberally construed to include all inferences and implications arising from such testimony:

The implications of the proffered testimony were very broad and any question which would have elicited testimony that was reasonably related to the inferences that might reasonably be drawn from his direct testimony would have been permissible.

*Raper, supra,* 676 F.2d at 846. In the action *sub judice,* as in *Raper,* the "implications of the proffered testimony [would be] very broad." Arnott intended to elicit from Frontiera testimony in support of an entrapment defense. Accordingly, the district court did not abuse its discretion in refusing to limit cross-examination to any express questions posed on direct-examination.

 More importantly, it is well-established that a district court may not rule on the validity of a witness' invocation of the fifth amendment privilege against compul-

sory self-incrimination until the witness has asserted the privilege in response to a particular question. *United States v. Stephens,* 492 F.2d 1367 (6th Cir.), *cert. denied,* 419 U.S. 852, 95 S.Ct. 93, 42 L.Ed.2d 83 (1974); *United States v. Harmon,* 339 F.2d 354, 359 (6th Cir.1964), *cert. denied,* 380 U.S. 944, 85 S.Ct. 1025, 13 L.Ed.2d 963 (1965). Arnott's counsel failed to pose any particular questions to Frontiera, and therefore the district court was not confronted with any obligation to rule upon an asserted privilege. Arnott's counsel simply represented that the direct questions would not invoke Frontiera's fifth amendment privilege. Assuming this to be true, then the privilege, if asserted at all, would be in response to a question on cross-examination. Such cross-examination never materialized, and therefore Frontiera was never called upon nor did he assert his privilege in response to a particular question.

■ Further, the district court did not err in denying Arnott's request that Frontiera be required to assert the privilege against self-incrimination in the jury's presence. *United States v. Johnson,* 488 F.2d 1206 (1st Cir.1973); *United States v. Beye,* 445 F.2d 1037 (9th Cir.1971); *Bowles v. United States,* 439 F.2d 536 (1970) (en banc), *cert. denied,* 401 U.S. 995, 91 S.Ct. 1240, 28 L.Ed.2d 533 (1971).

■ Arnott secondly charges violation of a sixth amendment right to confront and cross-examine Ronald Conn (Conn), an indicted co-conspirator. Conn's hearsay statements incriminating Arnott were admitted under Rule 801(d)(2)(E), the co-conspirator exception to the hearsay rule, through the testimony of Sargeant Robert Bertee (Bertee), an undercover police officer. Arnott subpoenaed Conn and the latter, physically unable to attend trial, vicariously asserted a fifth amendment privilege against compulsory self-incrimination through his counsel. Conn had pled "guilty" to those charges contained in the indictment. This plea constituted a waiver of any fifth amendment right against self-incrimination as it applied to "that crime," but did not constitute a blanket waiver of the fifth amendment privilege. *United States v. Seavers,* 472 F.2d 607, 609 (6th Cir.1973). The district court adjudged that Conn had not waived a fifth amendment privilege against self-incrimination on charges predicated upon income tax violations. The court erred in adjudging that Conn could refuse to answer all questions as predicated upon some abstract possibility that Conn may be exposed to a tax prosecution. Arnott had the right to confront Conn and elicit all *non*-privileged testimony. *See: United States v. Stephens,* 492 F.2d 1367 (6th Cir.), *cert. denied,* 419 U.S. 852, 95 S.Ct. 93, 42 L.Ed.2d 83 (1974). As aforenoted, whether such testimony would be privileged could not be ascertained until particular questions were posed and the privilege asserted. *Stephens, supra.*

■ This Court adjudges, however, that no "fundamental rights were affected by the court's ruling." *Stephens, supra,* 492 F.2d at 1374. Arnott's defense of entrapment was specious; the criminal offenses upon which Arnott was indicted transpired months after Arnott's last exposure to Frontiera. Further, the hearsay statements of Conn, admitted through Bertee's testimony, were few and cumulative to the overwhelming evidence against Arnott.

Arnott thirdly submits that the district court abused its discretion in considering the hearsay statements of co-conspirators to determine the existence of a conspiracy as mandated by *United States v. Enright,* 579 F.2d 980 (6th Cir.1978) under Rule 801(d)(2)(E). This Court reaffirms its pronouncements in *United States v. Vinson,* 606 F.2d 149 (6th Cir.1979), *cert. denied,* 444 U.S. 1074, 100 S.Ct. 1020, 62 L.Ed.2d 756 (1980); *United States v. Cassity,* 631 F.2d 461, 464 (6th Cir.1980); *United States v. Taylor,* 657 F.2d 92, 93 (6th Cir.1981); *Snyder Co., Inc. v. Associated General Contractors,* 677 F.2d 1111, 1117 (6th Cir.1982) and finds no merit in petitioner's third assignment of error.

■ Fourth, Arnott advances that the district court abused its discretion when it permitted as evidence certain weapons

which had been confiscated from Ronald Conn's residence. Rules 401, 403, Fed.R. Evid. No weapons were seized from Arnott's person or automobile upon arrest at a motel. In *United States v. Marino,* 658 F.2d 1120 (6th Cir.1981) this Court affirmed the district court's introduction of weapons into evidence even though the indicted charges did not include firearm offenses. It was recognized that weapons are "tools of the trade" in trafficking of narcotics. Since Arnott was indicted upon the charge of *distributing* cocaine, and since Arnott frequently visited Conn's residence where the illegal contraband was stored in Conn's "secret room," it may be inferred that such weapons were tools of the trade used by both Conn and *other* co-conspirators to protect their narcotics enterprise. The district court did not abuse its discretion in admitting the weapons.

Last, Arnott charges that the district court abused its discretion by permitting the government to question witnesses in a leading manner. However, only two objections were tendered and Arnott failed to demonstrate any prejudice.

The judgment of the district court is AFFIRMED.