No. 82–2028. ARNOTT v. UNITED STATES. C. A. 6th Cir. Certiorari denied.

JUSTICE WHITE, dissenting.

The petition for certiorari raises several issues, all but one of which do not warrant this Court's review.

Petitioner Paul Arnott was convicted of a variety of drug-related offenses following a jury trial in which a number of hearsay statements made by his alleged co-conspirators were admitted. Before the trial commenced, the District Court ruled that such statements would be admitted conditionally subject to a later demonstration of their admissibility by a preponderance of the evidence under the procedure approved by the Sixth Circuit in *United States* v. *Vinson*, 606 F. 2d 149, 153 (1979), cert. denied, 444 U. S. 1074 and 445 U. S. 904 (1980). At the close of the Government's case, petitioner moved to strike the co-conspirators' statements that had been admitted over his continuing objection. In his view, the Government had failed to demonstrate that (1) a conspiracy existed, (2) petitioner was a member of the conspiracy, and (3) the hearsay statements were made in the course and in furtherance of the conspiracy. See 606 F. 2d, at 152. The District Court denied petitioner's motion.

On appeal, petitioner contended that the District Court had abused its discretion in considering the statements themselves in determining whether the Government had satisfied the prerequisites to admission of those statements. Without commenting on the sufficiency of the Government's independent evidence, the Court of Appeals simply reaffirmed its previous holdings that Federal Rule of Evidence 104(a) had modified prior law to the contrary so as to authorize the consideration of challenged hearsay statements in deciding the preliminary question of admissibility, see, *e. g.*, *United States* v. *Cassity*, 631 F. 2d 461, 464 (1980); *United States* v. *Vinson*, *supra*, at 153, and rejected petitioner's contention. 704 F. 2d 322, 325 (1983).

The rule adopted by the Sixth Circuit and applied in this case conflicts with the one enunciated by every other Court of Appeals that has addressed the issue. Those courts have, almost without

exception, admitted statements of co-conspirators only upon a showing by a preponderance of independent evidence that a conspiracy existed in which the declarant and the defendant were both members and that the challenged statements were made in furtherance of the conspiracy. See *United States* v. *Nardi*, 633 F. 2d 972, 974 (CA1 1980); *United States* v. *Alvarez-Porras*, 643 F. 2d 54, 56–57 (CA2), cert. denied, 454 U. S. 839 (1981); *Government of Virgin Islands* v. *Dowling*, 633 F. 2d 660, 665 (CA3), cert. denied, 449 U. S. 960 (1980); *United States* v. *Gresko*, 632 F. 2d 1128, 1131–1132 (CA4 1980); *United States* v. *James*, 590 F. 2d 575, 580–581 (CA5) (en banc), cert. denied, 442 U. S. 917 (1979); *United States* v. *Regilio*, 669 F. 2d 1169, 1174 (CA7 1981), cert. denied, 457 U. S. 1133 (1982); *United States* v. *Bell*, 573 F. 2d 1040, 1043–1044 (CA8 1978); *United States* v. *Andrews*, 585 F. 2d 961, 964–967 (CA10 1978); *United States* v. *Monaco*, 702 F. 2d 860, 876–880 (CA11 1983) (stating standard in terms of both substantial evidence and preponderance of the evidence); *United States* v. *Jackson*, 201 U. S. App. D. C. 212, 227–234, 627 F. 2d 1198, 1213–1220 (1980). The Ninth Circuit requires independent evidence sufficient to establish a prima facie case that a conspiracy existed and that the defendant was part of it. See *United States* v. *Miranda-Uriarte*, 649 F. 2d 1345, 1349–1350 (1981). See also *United States* v. *Nixon*, 418 U. S. 683, 701, and n. 14 (1974) (dicta).

In opposing the petition, the Government argues that it introduced sufficient independent evidence of the existence of a conspiracy and of the membership of petitioner and the declarants to render the hearsay statements admissible under the test adopted by most Courts of Appeals. Although a close examination of the record might support this claim, the Court of Appeals made no finding concerning the weight of the independent evidence and did not purport to hold that the prerequisites to admission of co-conspirator statements established by Federal Rule of Evidence 801(d)(2)(E) would have been satisfied had the District Court not considered the statements themselves. Similarly, the Court of Appeals' conclusion that one co-conspirator's statements "were few and cumulative to the overwhelming evidence against Arnott," 704 F. 2d, at 325, does not establish that all of the admitted statements, considered together, did not prejudice petitioner. This Court need not scour the record to find alternative justifications—not relied on below—for a decision resting on

a legal principle that consistently has been repudiated in other Circuits.

Accordingly, I would grant the petition for certiorari and set the case for oral argument.