No. 83–6454. SANSON *v.* UNITED STATES. C. A. 7th Cir. Certiorari denied.

JUSTICE WHITE, dissenting.

In *Ohio* v. *Roberts*, 448 U. S. 56 (1980), the Court held that the introduction of hearsay statements against a criminal defendant will not violate the Confrontation Clause if two requirements are satisfied. First, the prosecution must ordinarily demonstrate the unavailability of the declarant; second, the statements must bear sufficient "indicia of reliability." *Id.*, at 65–66. The Court noted that "[r]eliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception." *Id.*, at 66. The question presented in this case is whether statements that satisfy Federal Rule of Evidence 801(d)(2)(E), which provides for the admissibility of statements of co-conspirators, necessarily satisfy the requirements of the Confrontation Clause.

The Circuits are divided on the question whether co-conspirator statements fall within the "firmly rooted hearsay exception" language of *Roberts* or whether, instead, a case-by-case inquiry into reliability is required. In this case, the Court of Appeals for the Seventh Circuit in an unpublished order held that Rule 801(d)(2)(E) provides adequate assurances of reliability. Likewise, the First, Fourth, and Fifth Circuits have also held that the Rule 801(d)(2)(E) requirements are identical to the requirements of the Confrontation Clause. See *Ottomano* v. *United States*, 468 F. 2d 269, 273 (CA1 1972), cert. denied, 409 U. S. 1128 (1973); *United States* v. *Lurz*, 666 F. 2d 69, 80–81 (CA4 1981), cert. denied, 455 U. S. 1005 (1982); *United States* v. *Peacock*, 654 F. 2d 339, 349–350 (CA5 1981), cert. denied, 464 U. S. 965 (1983). On the other hand, the Second, Third, Eighth, and Ninth Circuits have held that the requirements are not identical and that courts must assess the circumstances of each case to determine whether the statements carry with them sufficient indicia of reliability. See *United States* v. *Wright*, 588 F. 2d 31, 37–38 (CA2 1978), cert. denied, 440 U. S. 917 (1979); *United States* v. *Ammar*, 714 F. 2d 238, 254–257 (CA3), cert. denied *sub nom. Stillman* v. *United States*, 464 U. S. 936 (1983); *United States* v. *Kelley*, 526 F. 2d 615, 620–621 (CA8 1975), cert. denied, 424 U. S. 971 (1976); *United States* v. *Perez*, 658 F. 2d 654, 660, and n. 5 (CA9 1981).

Because of the substantial confusion surrounding this frequently recurring issue, I would grant certiorari to resolve the conflict.