No. 83–6866. MEANS *v.* UNITED STATES. C. A. 6th Cir.; and
No. 84–605. ROTH *v.* UNITED STATES. C. A. 8th Cir. Certiorari denied. Reported below: No. 83–6866, 729 F. 2d 1462; No. 84–605, 736 F. 2d 1222.

JUSTICE WHITE, with whom JUSTICE BRENNAN joins, dissenting.

These cases raise three recurring issues regarding the administration of the co-conspirator exception to the hearsay rule.[1] Federal Rule of Evidence 801(d)(2)(E) provides that "a statement by a coconspirator of a party during the course and in furtherance of

---

[1] The petitions do not raise a fourth issue that has split the Courts of Appeals, viz., whether a co-conspirator's statement that is admissible under the Federal Rules automatically satisfies the requirements of the Confrontation Clause of the Constitution. See *Sanson* v. *United States,* 467 U. S. 1264, 1265 (1984) (WHITE, J., dissenting from denial of certiorari); see generally *United States* v. *Ammar,* 714 F. 2d 238, 254–257 (CA3), cert. denied *sub nom. Stillman* v. *United States,* 464 U. S. 936 (1983).

the conspiracy," when offered against that party, is not hearsay. The Rule has given rise to confusion among the lower courts with regard to when, by what standard of proof, and in light of what evidence the trial court should determine whether the necessary conspiracy existed.

In No. 83–6866, a critical prosecution witness testified to incriminating statements made to him by petitioner's co-conspirator. The Sixth Circuit held that these statements were properly introduced pursuant to Rule 801(d)(2)(E). 729 F. 2d 1462 (1984). It concluded that the independent evidence, "when viewed in conjunction with the [hearsay] statements made by Blotske concerning [petitioner's] participation," established the existence of a conspiracy by a preponderance of the evidence. Pet. for Cert. 9. Thus, the Court of Appeals relied on the challenged statements to support the existence of the conspiracy pursuant to which those statements were introduced.

This approach was first adopted by the Sixth Circuit in *United States* v. *Vinson*, 606 F. 2d 149, 153 (1979), cert. denied, 444 U. S. 1074 and *sub nom. Thompson* v. *United States*, 445 U. S. 904 (1980), and has been approved en banc, *United States* v. *Piccolo*, 723 F. 2d 1234, 1240, and n. 1 (1983) (en banc), cert. denied, 466 U. S. 970 (1984). Though not entirely without support,[2] it is inconsistent with the stated position of every other Federal Court of Appeals. See *United States* v. *Jackson*, 201 U. S. App. D. C. 212, 228–229, 627 F. 2d 1198, 1214–1215 (1980); *United States* v. *Nardi*, 633 F. 2d 972, 974 (CA1 1980); *United States* v. *Alvarez-Porras*, 643 F. 2d 54, 56–57 (CA2), cert. denied *sub nom. Garcia-Perez* v. *United States*, 454 U. S. 839 (1981); *Government of the Virgin Islands* v. *Dowling*, 633 F. 2d 660, 665 (CA3), cert. denied, 449 U. S. 960 (1980); *United States* v. *Gresko*, 632 F. 2d 1128, 1131–1132 (CA4 1980); *United States* v. *James*, 590 F. 2d 575, 580–581 (CA5) (en banc), cert. denied, 442 U. S. 917 (1979); *United States* v. *Regilio*, 669 F. 2d 1169, 1174 (CA7 1981), cert. denied, 457 U. S. 1133 (1982); *United States* v. *Bell*, 573 F. 2d 1040, 1043–1044 (CA8 1978); *United States* v. *Miranda-Uriarte*, 649 F. 2d 1345, 1349 (CA9 1981); *United States* v. *Andrews*, 585

---

[2] See *United States* v. *Martorano*, 561 F. 2d 406, 408 (CA1 1977), cert. denied, 435 U. S. 922 (1978); *United States* v. *Cryan*, 490 F. Supp. 1234, 1241 (NJ), aff'd, 636 F. 2d 1211 (CA3 1980); 1 J. Weinstein & M. Berger, Weinstein's Evidence ¶ 104[05], p. 104–44 (1982).

F. 2d 961, 964–967 (CA10 1978); *United States* v. *Monaco*, 702 F. 2d 860, 876–880 (CA11 1983).   I have noted this conflict before, see *Arnott* v. *United States*, 464 U. S. 948 (1983) (WHITE, J., dissenting from denial of certiorari), and remain convinced that this Court should resolve it.

Whether the Eighth Circuit belongs in the above list is in some doubt in light of the second of these petitions.   The petitioner in No. 84–605 was convicted of extortion.   The critical evidence was testimony by the victim about threatening phone calls he received from petitioner's co-conspirator.   The District Court first admitted the statements conditionally, then, after the close of evidence, ruled that they were admissible.   The Court of Appeals found that the statements were properly admitted.   736 F. 2d 1222 (1984).   The court stated that the existence of a conspiracy must be established by independent evidence.   Yet it relied on one of the threatening phone calls, this one from an uncertain source, to establish the date that the conspiracy had begun.   *Id.*, at 1229. Petitioner argues, with some force, that this use of the hearsay statement is inconsistent with the prevailing requirement of independent evidence.

The petitioner also raises two other issues as to which there is some division among the lower courts.   First, he objects to the timing of the ruling on admissibility, arguing that admissibility should be established at a pretrial hearing rather than at the close of evidence.   Second, he notes the existence of a conflict as to the standard of proof by which the conspiracy must be established. The majority position requires a preponderance of the evidence. See *United States* v. *Ammar*, 714 F. 2d 238, 249–251 (CA3), cert. denied *sub nom. Stillman* v. *United States*, 464 U. S. 936 (1983); *United States* v. *Petersen*, 611 F. 2d 1313, 1327 (CA10 1979), cert. denied, 447 U. S. 905 (1980); *United States* v. *Jefferson*, 714 F. 2d 689, 696 (CA7 1983); *United States* v. *Bell*, *supra*, at 1044; *United States* v. *Arnott*, 704 F. 2d 322, 325 (CA6 1982), cert. denied, 464 U. S. 948 (1983).   Other courts require only substantial evidence, *United States* v. *Jackson*, *supra*, at 233–234, 627 F. 2d, at 1219–1220; *United States* v. *James*, *supra*, at 580–581; *United States* v. *Monaco*, *supra*, at 876–880; or a prima facie case, *United States* v. *Dixon*, 562 F. 2d 1138, 1141 (CA9 1977), cert. denied, 435 U. S. 927 (1978); *United States* v. *Metz*, 608 F. 2d 147, 153–154 (CA5 1979), cert. denied, 449 U. S. 821 (1980).

The timing issue does not merit our review.[3]   The question of the standard of proof does, but neither of these cases would be an appropriate vehicle as in each the Court of Appeals applied the most stringent alternative.[4]   These cases are nonetheless reminders of the continuing confusion about the administration of the co-conspirator exception—a confusion that, I think, we will eventually have to settle.

The critical question is whether a court may rely on challenged hearsay statements to determine whether the factual predicate for their admission exists.   This Court has consistently denied certiorari in cases from the Sixth Circuit raising this issue.   *Vinson* v. *United States*, 444 U. S. 1074 (1980); *Arnott* v. *United States*, *supra; Shoun* v. *United States*, 465 U. S. 1012 (1984); *Piccolo* v. *United States*, 466 U. S. 970 (1984).   The conflict shows no sign of disappearing, and I remain convinced that this Court should resolve it.

I dissent from the Court's denial of certiorari in these two cases.

---

[3] Though some courts have indicated a preference for pretrial hearings, see, *e. g., United States* v. *James*, 590 F. 2d 575, 581–582 (CA5) (en banc), cert. denied, 442 U. S. 917 (1979), none has required them.   There is general agreement that the district court has the discretion to admit co-conspirator's statements conditionally prior to proof of the existence of a conspiracy.   See Annot., 44 A. L. R. Fed. 627, § 7 (1979).

[4] But see Weinstein & Berger, *supra*, at 104–44 (suggesting standard of proof beyond a reasonable doubt, or by clear and convincing evidence, on the basis of both hearsay and nonhearsay).