861 F.2d 722
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Norman W. SMITH (87-3996), Almon Carl Broomfield (87-3997),
Defendants- Appellants.
 Nos. 87-3996, 87-3997.
 United States Court of Appeals, Sixth Circuit.
 Oct. 28, 1988.
 
 Before CORNELIA G. KENNEDY, KRUPANSKY, and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendants Norman W. Smith and Almon C. Broomfield appeal their convictions for two counts of conspiracy to distribute cocaine under 21 U.S.C. Sec. 846 (1982) and one count (Smith) and two counts (Broomfield) of possession with intent to distribute cocaine in violation of 21 U.S.C. Secs. 841(a)(1) and 845(a) (1982). Defendants argue that the trial court erred when it provided the jury with a tape player during deliberations to allow the jury to listen to tape recordings which had been admitted into evidence. Defendants also argue that the District Court erred when it permitted the prosecutor in his closing argument to refer to a rifle which had not been admitted into evidence. We find defendants' arguments to be without merit. We therefore affirm.
 
 
 2
 From December 1986 through April 1987, defendants Smith and Broomfield purchased cocaine from a third party. Paul Lewis assisted in these purchases. After his arrest for possession of cocaine, Lewis agreed to cooperate with the Columbus Police Department in the investigation of the defendants.
 
 
 3
 Lewis agreed to set up another cocaine sale between himself and the defendants. The police obtained several tape recordings of conversations between Lewis and the defendants regarding this transaction. The sale was to take place at defendant Broomfield's residence on April 13, 1987.
 
 
 4
 Based upon the information obtained from Lewis, the police arrested the defendants as they were leaving Broomfield's residence after the deal. Upon executing a search warrant the police discovered a safe in Broomfield's basement containing cash and drugs and a semi-automatic rifle nearby.
 
 A. Tape Recordings
 
 5
 Defendants argue it was reversible error for the District Court to provide the jury with a tape player during deliberations. The tape player was needed to hear the taped conversations between defendants and Lewis. The tapes concerned final arrangements between Lewis and the defendants for a sale of cocaine. The tape recordings were played to the jury and admitted into evidence without defense objection.
 
 
 6
 Absent clear prejudice to the defendants, it is within the discretion of the District Court to decide what exhibits are permitted in the jury room. United States v. Hines, 696 F.2d 722, 734 (10th Cir.1982). Ordinarily all exhibits are sent to the jury room during deliberations. "An audio exhibit should not be relegated to muteness because it can be perused only through the use of a tape player." United States v. Bizanowicz, 745 F.2d 120, 123 (1st Cir.1984). Absent some special circumstance the trial judge should allow the jury to have access during its deliberations to tape recordings that have been admitted as exhibits during trial. United States v. Scaife, 749 F.2d 338, 347 (6th Cir.1984). See also United States v. Samples, 713 F.2d 298, 303 (7th Cir.1983).
 
 
 7
 The District Court did not abuse its discretion by providing the jury with a tape player. We reject defendants' argument that the audio nature of tape recordings or the opportunity for their repeated playback renders them inherently prejudicial. Tape recordings prima facie are no more prejudicial than other tangible objects also subject to the trial court's discretionary decision whether to allow them into the jury room.
 
 B. Prosecutor's Remarks
 
 8
 Defendants' second argument is that the District Court should not have permitted the prosecutor in his closing argument to refer to the rifle taken from Broomfield's residence because the court had ruled the rifle inadmissible as evidence.[1] It is well established that the prosecutor may "persuade the jury based solely on the proof at trial and the reasonable inferences drawn from that evidence." United States v. Thomas, 728 F.2d 313, 320 (6th Cir.1984). If extra-record references are sufficiently prejudicial, then reversal may be required. Defendants, however, overlook the fact that the jury had already seen the rifle and heard testimony concerning it without objection from counsel for the defendants. The court declined to strike the testimony and instead elected to rule the weapon itself, a semi-automatic, inadmissible. The court found that the physical exhibit would add little probative value and be outweighed by possible confusion as to its weight and purpose. The prosecutor's reference to the weapon, then, although not based upon an exhibit entitled to enter the jury room, was simply a comment upon the proof adduced at trial. See United States v. Webb, 796 F.2d 60, 64 (5th Cir.1986) (prosecutor's closing remarks permissible when based upon admitted evidence and not suppressed statements made to FBI); cf. Mann v. Dugger, 817 F.2d 1471, 1480 (11th Cir.), cert. denied, 107 S.Ct. 894 (1987) (prosecutor may refer to circumstances surrounding crime if reasonably supported by record).
 
 
 9
 Given the recognition by several courts of appeals that weapons are themselves admissible as "tools of the trade" against those defendants involved in the sale, distribution, or manufacture of illegal drugs, defendants may not complain of the evidence regarding the weapon which was received. See, e.g., United States v. Montes-Cardenas, 746 F.2d 771, 777 (11th Cir.1984) (citing cases); United States v. Arnott, 704 F.2d 322, 325-26 (6th Cir.), cert. denied, 464 U.S. 948 (1983); United States v. Marino, 658 F.2d 1120, 1123-24 (6th Cir.1981). The court gave appropriate cautionary instructions concerning the relevancy of the testimony about the weapons, and admonished the prosecutor in front of the jury that the rifle had not been admitted into evidence.
 
 
 10
 For the foregoing reasons, the judgment of the District Court is AFFIRMED.
 
 
 
 [1]
 The prosecutor in his closing argument referred to the gun as follows:
 You know, in one of the most significant finds in Carl Broomfield's house, I want you to remember this: What is needed to protect a drug dealer from other unscrupulous drug dealers? What is needed to protect a drug dealer's cash? What is needed to protect a drug dealer's crack and cocaine and his family and everything else? You saw it. It was over here at this witness stand. Rich Robins, the DEA agent pulled it out about halfway and you saw it, it was a rifle, it was about this big. It was a Rambo-type gun. Had little holes in it to air-fire it and three clips that you jam up in it. That's not a gun that you use to go out and target practice. That's a type of gun that a drug dealer uses.