947 F.2d 946
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald BATTS, Defendant-Appellant.
 No. 91-5096.
 United States Court of Appeals, Sixth Circuit.
 Nov. 7, 1991.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and ROSEN, District Judge.*
 PER CURIAM.
 
 
 1
 Donald Batts appeals from a jury verdict finding him guilty of conspiracy to possess with intent to distribute cocaine and distributing cocaine in violation of 21 U.S.C. § 841(a)(1). Batts also appeals the sentence imposed by the district court. For the following reasons, we affirm.
 
 
 2
 A federal grand jury returned a 16-count indictment against Donald Batts and 25 co-defendants. The grand jury only named Batts in Count I. Count I charged that from January 1, 1987, until June 30, 1989, Batts and his co-defendants conspired to possess with intent to distribute cocaine, and did distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). Batts entered a plea of not guilty. A jury, however, convicted Batts. A presentence report advised the court that Batts' offense, conspiracy to possess with intent to distribute 16 kilograms of cocaine, was a level 34 offense under the Federal Sentencing Guidelines. The district court sentenced Batts to 12.5 years in prison, three years of supervised release, and imposed a special assessment of $50.
 
 
 3
 Batts raises four issues on appeal: (1) whether the district court erred in not granting his motion for judgment of acquittal; (2) whether the court erred in admitting evidence of Western Union money orders; (3) whether the court erred in admitting evidence of weapons, drug notes, and photographs; and (4) whether the trial court imposed an improper sentence under the Federal Sentencing Guidelines.
 
 
 4
 The district court did not err in denying Batts' motion for judgment of acquittal. In reviewing a denial of a motion for judgment of acquittal, we must determine whether, after taking all of the evidence in a light most favorable to the government, a rational trier of fact could find guilt beyond a reasonable doubt. United States v. Sanchez, 928 F.2d 1450, 1457 (6th Cir.1991) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Adamo, 742 F.2d 927, 932 (6th Cir.1984) (quoting United States v. Patterson, 644 F.2d 890, 893 (1st Cir.1981)), cert. denied sub nom. Freeman v. United States, 469 U.S. 1193 (1985).
 
 
 5
 Sufficient evidence exists to sustain Batts' conviction. In a drug conspiracy case, the government must prove that (1) the conspiracy existed; (2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily joined the conspiracy. United States v. Christian, 786 F.2d 203, 211 (6th Cir.1986). Once the government establishes a conspiracy, only slight evidence is necessary to implicate a defendant. United States v. Poulos, 895 F.2d 1113, 1117 (6th Cir.1990). In this case, the government's evidence established a massive conspiracy that transported over 100 kilograms of cocaine into the Memphis area. The government's evidence also connects Batts to the conspiracy. Eric Bovan, the ringleader of the conspiracy, testified that on one occasion he stored a kilogram of cocaine with Batts, and that another occasion Batts had taken money to California to purchase drugs. Shirron Knox, a co-conspirator, testified that she met Batts in Los Angeles when he came to Los Angeles to purchase drugs. Robert Woods, an FBI informant, testified that he worked for Bovan and the other members of the conspiracy. He also testified that he once delivered two kilograms of cocaine to Batts. Finally, numerous money orders were sent from Memphis to Los Angeles and Batts was the stated recipient of the money orders. Taking all of the evidence in a light most favorable to the government, a rational trier of fact could find beyond a reasonable doubt that Batts participated in the cocaine conspiracy.
 
 
 6
 Batts argues that the testimony of several of the government's witnesses is unreliable and, therefore, incapable of supporting his conviction. However, "attacks on witness credibility are simply challenges to the quality of the government's evidence and not to the sufficiency of the evidence. Such attacks make for effective closing arguments on behalf of the defendant, but are irrelevant with regard to the ... insufficiency standard." Adamo, 742 F.2d at 935 (emphasis in original). In Sanchez, 928 F.2d at 1457, the defendants argued that the testimony of two witnesses could not support their convictions because it was unreliable. We held that any argument relating to the credibility of the government's witnesses is irrelevant to a determination of the sufficiency of the evidence. Id. at 1457-1458. Therefore, Batts' argument regarding the credibility of the government's witnesses is irrelevant to our determination of whether there is sufficient evidence to convict Batts.
 
 
 7
 The district court did not err by admitting Western Union money order documents into evidence. Batts argues that Fed.R.Evid. 901 prevents admission of the documents because there is no proof who wrote or sent the money orders. Batts' reliance on Fed.R.Evid. 901 is misplaced. Rule 901 provides that "authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed.R.Evid. 901(a). The rule also states, by way of illustration, that the testimony of a witness that the item is what it purports to be is sufficient authentication under the rule. Fed.R.Evid. 901(b)(1). The government has satisfied Rule 901 in this case. Jerry Edward Arrendale, chief compliance officer for Western Union Financial Services, testified that the government subpoenaed the money order documents, and that the documents were part of the business records regularly kept by the company. For authentication, Rule 901(a) does not require evidence of who wrote or sent the documents.
 
 
 8
 The district court did not err by admitting certain weapons, drug notes, and photographs into evidence. The weapons and ammunition are admissible since they are relevant to establishing the existence of a cocaine conspiracy. In United States v. Arnott, 704 F.2d 322, 325-326 (6th Cir.), cert. denied, 464 U.S. 968 (1983), the defendant argued that the district court abused its discretion when it permitted as evidence weapons that had been confiscated from an alleged co-conspirator's residence. This court held that the trial court did not abuse its discretion because weapons are "tools of the trade" in drug trafficking and the inference arises that any weapons are used by the conspirators to protect their drug enterprise. Id. at 326; United States v. Fernandez, 829 F.2d 363, 367 (2d Cir.1987) (weapons are highly probative of the existence of a narcotics conspiracy). Thus, even if the weapons and ammunition evidence did not personally belong to Batts, they are highly probative of the existence of a drug conspiracy. The drug notes and photographs are admissible because they are also relevant to establishing a drug conspiracy.
 
 
 9
 Finally, the district court imposed the proper sentence under the Federal Sentencing Guidelines. Batts argues that at trial the government only connected eight to ten kilograms of cocaine to him, but that the court incorrectly sentenced him based upon 16 kilograms of cocaine. Section 2D1.4(a) of the Federal Sentencing Guidelines provides that the base offense for a defendant convicted of a conspiracy to commit any offense involving a controlled substance is the same as if the object of the conspiracy had been completed. United States Sentencing Commission, Guidelines Manual, § 2D1.4(a) (Nov. 1990). The appropriate guideline in this case is section 2D1.1, which deals with drug-related offenses. At least five kilograms but less than 15 kilograms of cocaine is a level 32 offense. Guidelines Manual, § 2D1.1(c)(6). At least 15 kilograms but less than 50 kilograms of cocaine is a level 34 offense. Id. at § 2D1.1(c)(5). Since Batts fits into Criminal History Category I, a level 32 offense would subject him to a sentence range of ten years and one month to 12 years and six months. A level 34 offense would subject him to a sentence range of 12 years and six months to 15 years and eight months. Even assuming that Batts is responsible for only eight kilograms of cocaine in this massive conspiracy, his level 34 sentence of 12 years and six months is also within the sentence range for a level 32 offense. Therefore, Batts' sentence is not appealable because it is appropriate for either a level 32 offense or a level 34 offense. See United States v. Porter, 909 F.2d 789, 794 (4th Cir.1990) (no review of sentence that falls within the applicable guideline range); 18 U.S.C. § 3742(a).
 
 
 10
 For the foregoing reasons, the district court's decision is affirmed.
 
 
 
 *
 Honorable Gerald Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation