**John Edouard Peterson FORRESTAL,**
**Petitioner,**

v.

**UNITED STATES of America,**
**Respondent,**

**No. 01–CV–0672.**

United States District Court,
N.D. New York.

Feb. 14, 2002.

John Forrestal, Brooklyn, NY, Petitioner pro se.

Joseph A. Pavone, United States Attorney for the Northern District of New York (John M. Katko, Asst. U.S. Atty., of Counsel), Syracuse, NY, for Respondent.

## MEMORANDUM DECISION AND ORDER

MUNSON, Senior District Judge.

Petitioner moves pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence of imprisonment. Although petitioner has been released from custody, he still meets the "in custody" requirement of § 2255. On April 20, 1999, in the United States District Court for the Northern District of New York, before the Honor-

able Howard G. Munson, petitioner pleaded guilty to a single count of an indictment charging him with Conspiracy to Possess with Intent to Distribute and to Distribute Heroin in violation of 21 U.S.C. § 846. He received a sentence of 18 months imprisonment followed by three years of supervised release. No appeals were taken by petitioner.

■ While a completely expired sentence at the time of filing does not meet the "in custody" requirement, *Maleng v. Cook,* 490 U.S. 488, 491–92, 109 S.Ct. 1923, 1925–26, 104 L.Ed.2d 540 (1989), actual physical imprisonment is not required, so long as a petitioner suffers from substantial restraints not shared by the public generally. *Hensley v. Municipal Court,* 411 U.S. 345, 351, 93 S.Ct. 1571, 1574–75, 36 L.Ed.2d 294 (1973). In the instant case, upon leaving confinement, petitioner was subject to a three year term of supervised release. Therefore, at the time he filed his petition, he was still "in custody" within the meaning of the statute. *Jones v. Cunningham,* 371 U.S. 236, 243, 83 S.Ct. 373, 377, 9 L.Ed.2d 285 (1963); *Scanio v. United States,* 37 F.3d 858, 860 (2d Cir. 1994).

In his § 2255 motion, petitioner challenges the legality of his sentence claiming that his guilty plea was made without full understanding of the nature of the charge and the possible deportation consequences of the plea, and that the plea was obtained in violation of his privilege against self-incrimination and his protection against double jeopardy. Petitioner's assertions are without merit, and his § 2255 motion will be denied for the reasons hereinafter set forth..

■ Petitioner's § 2255 motion is untimely. The Antiterrorism and effective Death Penalty Act ("AEDPA") imposes a one year limit on the filing of petitions pursuant to the 28 U.S.C. § 2255 statute.

*Rodriguez v. Artuz,* 990 F.Supp. 275, 283 (S.D.N.Y.1998). The limitation period begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date upon which the impediment created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such government action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

It is apparent that the limitations question in the instant case is only concerned with # 1 above, the date on which petitioner's judgment of conviction became final. There is no question that the one year limitation period for bringing a § 2255 motion in this case expired at least six months before petitioner filed his § 2255 motion on May 9, 2001. Petitioner pleaded guilty on September 10, 1999, and judgment of conviction was entered on October 26, 1999. A notice of appeal was not filed with the district court within 10 days of the entry of judgment of conviction, making it final on November 6, 1999, and the one year limitation period expired on November 5, 2001.

■ The Second Circuit has adopted the doctrine of equitable tolling in the context of AEDPA's state of limitations provisions. *Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir.2000). In order to equitably toll the one year period of limitations, petitioner

must show that extraordinary circumstances prevented him from filing his or her petition on time. *Id.* However, only those situations where the unavailability of § 2255 would raise serious constitutional questions is § 2255 deemed inadequate to test the legality of a prisoner's detention. Denying petitioner's collateral review where § 2255 is unavailable because of her failure to abide by the statute of limitations provision, does not raise any serious constitutional questions. *Triestman v. United States,* 124 F.3d 361, 377 (2d Cir. 1997).

■ As pointed out above, petitioner did not make a direct appeal of his conviction following his guilty plea. "A motion under 2255 is not a substitute for an appeal." *United States v. Munoz,* 143 F.3d 632, 637 (2d Cir.1998); *Bousley v. United States,* 523 U.S. 614, 118 S.Ct. 1604, 1610, 140 L.Ed.2d 828 (1998)("and even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review."). Where a criminal defendant has procedurally defaulted his claim by failing to raise it on direct review, the claim may be raised in a § 2255 motion only if the defendant can demonstrate either: (1) "cause for failing to raise the issue, and prejudice resulting therefrom," *Douglas v. United States,* 13 F.3d 43, 46 (2d Cir.1993): or (2) "actual innocence." *Bousley,* 118 S.Ct. at 1611.

■ To establish cause, petitioner must show that some objective external factor impeded his ability to take a direct appeal, and neither petitioner's failure to appeal because "he thought it was in my best interest to leave the verdict as is," (Petitioner's motion papers p. 4, at (6)(d)), nor a waiver of the right to appeal in a plea agreement constitute such an impediment. *United States v. Pipitone,* 67 F.3d 34, 39 (2d Cir.1995); *Murray v. Carrier,*

477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Garcia–Santos v. United States,* 273 F.3d 506, 508 (2d Cir. 2001). Because petitioner has failed to demonstrate cause for not presenting his § 2255 assertions on direct appeal or prejudice resulting therefrom, he is procedurally barred from raising these assertions on collateral review.

■ Petitioner's guilty plea was valid even if he had never known that it could result in his deportation. For a plea to have been knowingly and voluntarily made, the defendant must have been informed of the direct consequences of the conviction. *Brady v. United States,* 397 U.S. 742, 755, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). Rule 11 of the Federal Rules of Criminal Procedure does not require the court to advise a defendant of the possibility of deportation as a consequence of pleading guilty to a criminal charge. *United States v. Campbell,* 778 F.2d 764, 766–67 ( 11th Cir.1985). "Deportation is a peripheral consequence, not a punishment imposed by the trial judge" and "[a]s such, the court [is] under no duty to warn the petitioner of the likelihood of deportation." *Polanco v. United States,* 803 F.Supp. 928, 931–32 (S.D.N.Y. 1992). Furthermore, defense counsel's failure to advise a defendant of possible deportation consequences does require the court to permit withdrawal of the guilty plea as involuntarily made; nor does defense counsel's failure to advise on collateral consequences of a plea amount to ineffective assistance of counsel. *United States v. Salerno,* 66 F.3d 544, 550–51 (2d Cir.1995); *Santos v. Kolb,* 880 F.2d 941, 945 (7th Cir.1989).

■ Lastly, the court considered petitioner's Fifth Amendment claims and found them wanting. Waiver of a double jeopardy claim takes place where the defendant enters a guilty plea, "which is an admission that he committed the crime

charged against him," rather than merely a "confession which admits the accused did various acts." *U.S.* v. *Broce,* 488 U.S. 563, 572–73, 109 S.Ct. 757, 764, 102 L.Ed.2d 927 (1989). A defendant who signs a plea agreement before raising his double jeopardy claims waives the right to press those claims. *United States v. Mortimer,* 52 F.3d 429, 435 (2d Cir.1995). Courts will conclude that a defendant's guilty plea waived his double jeopardy claims even if the defendant does not know about the claim at the time of the plea Conscious relinquishment of the double jeopardy claim is not required because the guilty plea constitutes an admission sufficient to establish that the defendant committed the crime, not an "inquiry into a defendant's subjective understanding of the range of potential defenses." *Id.* at 573–74, 109 S.Ct. 757, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927.

█ A guilty plea constitutes a waiver of any Fifth Amendment privilege against self-incrimination as it applies to the particular crimes to which the plea was entered, but it does not constitute a blanket waiver of the privilege as to any other crime for which the defendant can still be prosecuted. *United States v. James,* 609 F.2d 36, 43 (2d Cir.1979); *cert. denied,* 445 U.S. 905, 100 S.Ct. 1082, 63 L.Ed.2d 321 (1980); *United States v. Arnott,* 704 F.2d 322, 325, *cert. denied,* 464 U.S. 948, 104 S.Ct. 364, 78 L.Ed.2d 325 (1983). Petitioner·has not alleged that double jeopardy was a factor in any crime he was charged with other than in the one he pleaded guilty to committing.

Accordingly, petitioner's, § 2255 motion to vacate, set aside or correct his sentence is **DENIED**.

**IT IS SO ORDERED.**