**NOT RECOMMENDED FOR PUBLICATION**
File Name: 14a0610n.06

**No. 13-3682**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Aug 08, 2014
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| KEVIN R. HORNBEAK, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: ROGERS and GRIFFIN, Circuit Judges; and VAN TATENHOVE, District Judge.*

GRIFFIN, Circuit Judge.

Defendant Kevin Hornbeak appeals his convictions on five counts of possessing controlled substances with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1); one count of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1); and one count of possessing a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). Defendant argues that the district court abused its discretion by admitting testimony from a government expert witness regarding the role of firearms in drug trafficking and further erred by not granting his motion for acquittal on all counts made pursuant to Rule 29 of the Federal Rules of Criminal Procedure for insufficient evidence. We disagree and affirm.

---

*The Honorable Gregory F. Van Tatenhove, United States District Judge for the Eastern District of Kentucky, sitting by designation.

I.

In the winter of 2010, federal law enforcement authorities began investigating defendant. Between December 2010 and February 2011, an undercover agent with the Bureau of Alcohol, Tobacco and Firearms ("ATF"), with the assistance of a confidential informant, purchased crack cocaine from defendant on three separate occasions at various locations in Toledo, Ohio.

In the fall of 2011, the Toledo Police Department began investigating defendant. The officers involved in that investigation ultimately obtained a warrant to search a home where Hornbeak lived, and executed a search of that residence on November 22, 2011. When the officers entered the home, defendant was in the living room. Rhonda Harris, defendant's then-girlfriend (now wife), testified that defendant regularly slept in the bedroom adjacent to the living room, and that he had slept there the previous night.

During the search of that bedroom, in the top drawer of a dresser, the officers found: (1) at least seventy individually wrapped packages of crack cocaine; (2) a small bag containing heroin; (3) three electronic scales; (4) a loaded .380 ACP caliber handgun with a round chambered; and (5) a number of defendant's personal articles, including his birth certificate, correspondence from the Social Security Administration, personal mail, and paperwork from the Ohio Child Support system. Also, during a search of the closet in that bedroom, the officers found: (1) cut up and folded lottery tickets, which one of the searching officers testified are consistent with being used to package heroin; (2) boxes of .380 ACP ammunition and 9mm ammunition; (3) court paperwork bearing defendant's name; and (4) "a lot of" men's clothing.

As a result of these investigations, on May 2, 2012, a federal grand jury in the Northern District of Ohio returned a seven-count indictment against defendant, charging him with three counts of possessing crack cocaine with the intent to distribute, in violation of 21 U.S.C.

§ 841(a)(1) (counts 1–3); one count of possessing cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (count 4); one count of possessing heroin with intent to distribute, also in violation of 21 U.S.C. § 841(a)(1) (count 5); one count of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1) (count 6); and one count of possessing a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1) (count 7). Defendant pled not guilty on all counts and proceeded to trial.

During trial, the government called eight witnesses as part of its case, and introduced a variety of exhibits based on the contraband recovered from the investigations described above. Over defendant's relevance and unfair prejudice objections, the government elicited expert witness testimony from ATF agent Edward Diamond regarding the role of firearms in drug trafficking. Diamond testified that because drug dealers are vulnerable to theft and armed robberies, drug dealers often obtain firearms for protection, and thus, drugs and guns go "hand in hand." The district court issued a limiting instruction to the jury regarding Diamond's testimony, making clear that his testimony was relevant only on the issue of whether defendant possessed a firearm in furtherance of a drug trafficking crime as charged in count 7.

Defendant called no witnesses during the trial but proffered one exhibit, which the district court admitted. Defendant also moved for acquittal on all counts under Rule 29 of the Federal Rules of Criminal Procedure on the basis of insufficient evidence. The court denied the motion and submitted the case to the jury.

The jury convicted defendant on all seven counts. The court sentenced defendant to seventy-eight months' imprisonment on counts 1–6, to be followed by a mandatory consecutive term of sixty months' imprisonment on count 7. Defendant timely appealed.

II.

Defendant begins his arguments on appeal by raising two challenges to the district court's admission of Diamond's testimony concerning the relationship between firearms and drug trafficking. First, he argues that there was no foundation for the court to qualify Diamond as an expert. Second, he claims that Diamond's testimony should have been excluded under Federal Rule of Evidence 403 because it was unfairly prejudicial. We review a district court's evidentiary rulings for an abuse of discretion. *United States v. Blackwell*, 459 F.3d 739, 752 (6th Cir. 2006).

Here, defendant has forfeited his first argument because he failed to raise this objection below. *See United States v. Archibald*, 589 F.3d 289, 295 (6th Cir. 2009) ("[W]e do not ordinarily consider issues that are not raised in the district court."). Moreover, assuming arguendo that defendant preserved the issue, the district court did not abuse its discretion in qualifying Diamond as an expert regarding the link between guns and drug dealing. Diamond was a twenty-two year ATF agent who had worked on many drug and gang investigations throughout his tenure, performed dozens of undercover controlled buys, and had been in direct contact with drug dealers on numerous occasions. Accordingly, Diamond was qualified to opine about the common practices of drug traffickers, including their use of firearms.

Regarding defendant's second argument, the district court did not abuse its discretion by allowing Diamond to testify that firearms and drug trafficking go "hand in hand." Furthermore, defendant fails to identify any "unfair prejudice" arising from Diamond's testimony that "substantially outweigh[s]" the probative value of that testimony. Fed. R. Evid. 403. Indeed, given defendant's candid concession that "a vast majority of the American public knows [that drugs and guns go "hand in hand"] through exposure to various media outlets[,]" and our prior

observations that firearms are tools of the drug trafficking trade, *see United States v. Campbell*, 317 F.3d 597, 609 (6th Cir. 2003); *United States v. Arnott*, 704 F.2d 322, 325–26 (6th Cir. 1983), defendant has not demonstrated any unfair prejudice from Diamond's testimony.

III.

Next, defendant argues that the trial proofs were insufficient as a matter of law to sustain a conviction on any of the seven counts alleged in the indictment. In reviewing the district court's denial of defendant's Rule 29 motion for judgment of acquittal on grounds of insufficient evidence, "we review his motion de novo and examine the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Campbell*, 549 F.3d 364, 374 (6th Cir. 2008). "We will reverse a judgment based on a finding of insufficient evidence only if the judgment is not supported by substantial and competent evidence upon the record as a whole." *Id.* Further, all reasonable inferences must be made to support the verdict. *Id.*

In this case, there was ample evidence from which any rational trier of fact could have found the essential elements of all crimes charged beyond a reasonable doubt. To establish a violation of 18 U.S.C. § 841(a)(1) charged in counts 1 through 5, the government must prove the following elements for each count: "(1) knowing (2) possession of a controlled substance (3) with intent to distribute." *United States v. Mackey*, 265 F.3d 457, 460 (6th Cir. 2001) (internal quotations marks and citations omitted). Regarding counts 1 through 3—each based on one of three controlled buys between defendant and the undercover ATF agent—the evidence at trial showed that defendant arranged for drug sales via a phone call with the confidential informant, and at the appointed time and place for the transactions, defendant arrived with crack cocaine and personally handed the drugs to the undercover ATF agent, in exchange for money.

Based on these proofs, with all reasonable inferences drawn in support of the verdict—including those regarding witness credibility, *see United States v. Salgado*, 250 F.3d 438, 446 (6th Cir. 2001)—any rational trier of fact could conclude that defendant knowingly possessed crack cocaine with the intent to distribute it on each of the three occasions.

As for counts 4 and 5—each based on the drugs found during the execution of the search warrant on November 22, 2011—defendant challenges only whether the government has established the possession element. Although the trial proofs do not establish that defendant was in actual possession of the drugs seized during the search, the circumstantial evidence presented supplies a sufficient basis to conclude that defendant exercised constructive possession over those drugs, and constructive possession is sufficient to sustain a conviction under § 841(a)(1). *See United States v. Hunter*, 558 F.3d 495, 504 (6th Cir. 2009) (explaining that constructive possession exists when a person does not have physical possession, but "knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others"). The evidence at trial showed that defendant was the only male in the house when the officers executed the search warrant, the bedroom adjacent to the living room where defendant was found was occupied by an adult male, and defendant's personal papers were found in that bedroom, along with the drugs charged in counts 4 and 5. Further, Harris testified that defendant regularly slept in the bedroom adjacent to the living room, and that he had slept there the previous night. This evidence, combined with the evidence that defendant sold crack cocaine to an undercover officer on three prior occasions, permits any rational trier of fact to conclude that defendant possessed the drugs found during the execution of the search warrant.

Defendant's arguments regarding Harris's testimony and the search warrant affidavit do not alter this conclusion. First, although Harris testified that the drugs were hers, and that she placed them in the dresser drawer in the bedroom, the jury could have reasonably found her not credible on this point because she admitted that she had previously told the police that she "didn't know anything" about the gun found in the home but later changed her story—apparently while on the witness stand—and claimed for the first time that she alone owned the gun and the drugs.

Second, the fact that the search warrant affidavit did not specifically name defendant is of no consequence. In that affidavit, a Toledo police officer stated that a confidential informant had purchased heroin from an individual in the home on the day before the search, and that there were believed to be two known occupants of the house—Rhonda Harris and a black male named "Bo." The police never definitively identified "Bo," and there was no evidence about whether defendant went by the nickname "Bo," though Harris testified that Lamene Wilson went by "Bo" but added that he had died before trial. However, Harris also testified that defendant, a black male, stayed in the residence on the night heroin was sold from the house, and defendant was there again the next night when the police executed the warrant. Also, the officers found defendant's birth certificate, personal papers, and mail in several different locations in the bedroom. This evidence allows a reasonable jury to reject Harris's identification of "Bo" and instead conclude that defendant was "Bo"—or not. The true identity of "Bo" is of no consequence because to obtain convictions on counts 4 and 5, the government must prove that *defendant*—regardless of whether he was named in the search warrant affidavit—knowingly possessed controlled substances with an intent to distribute on November 22, 2011. On this

record, any rational trier of fact could find that the government had proven the essential elements of counts 4 and 5 beyond a reasonable doubt.

Regarding count 6, to establish a violation of 18 U.S.C. § 922(g), the government must prove that: (1) the defendant had a previous felony conviction; (2) the defendant knowingly possessed the ammunition specified in the indictment; and (3) the ammunition traveled in or affected interstate commerce. *Campbell*, 549 F.3d at 374. Only the possession element is in dispute, and defendant agrees that the possession analysis here mirrors that of counts 4 and 5. Therefore, the same evidence used to establish the possession element in counts 4 and 5 also demonstrates that any rational trier of fact could have found that the government proved beyond a reasonable doubt that defendant possessed the ammunition charged in count 6.

Finally, to establish a violation of 18 U.S.C. § 924(c)(1), alleged in count 7, the government must prove that: (1) the defendant committed a drug trafficking crime; (2) the defendant knowingly possessed a firearm; and (3) the possession of the firearm was in furtherance of the drug trafficking crime. Sixth Circuit Criminal Pattern Jury Instruction § 12.03(1) (2014).

Here, the first two elements are satisfied because just as any rational trier of fact could conclude that defendant possessed the drugs and ammunition found in the bedroom, so too could any rational trier of fact conclude that defendant possessed the .380 ACP handgun found in the bedroom, and that he committed a drug trafficking crime.

The third element is also satisfied. In deciding whether the "in furtherance" element has been proved, we consider: (1) whether the gun was strategically located so as to be quickly and easily available for use during a drug transaction; (2) whether the gun was loaded; (3) the type of gun; (4) the legality of its possession; (5) the type of drug activity conducted; and (6) the time

and circumstances under which the firearm was found. *United States v. Gill*, 685 F.3d 606, 611 (6th Cir. 2012). The evidence favors the government on each of these factors.

First, the pistol was readily accessible in a drawer in the first floor bedroom, which was immediately adjacent to the living room, and near the front door. Second, the handgun was loaded, with a round already chambered. Third, defendant's possession of the firearm and its ammunition was illegal by virtue of his prior felony conviction. Fourth, the weapon was found in a drawer that also contained at least seventy small bags of crack cocaine packaged for individual sale, heroin packaged for sale, and three digital scales. Fifth, in light of these circumstances, it is of no consequence that the police did not find the firearm on defendant's person, which defendant suggests is the only evidence that could be used to establish the "in furtherance" element. And sixth, the jury could credit Diamond's expert testimony that drug dealers use firearms to protect themselves during drug trafficking. *See United States v. Castano*, 543 F.3d 826, 838 (6th Cir. 2008) (affirming jury conclusion that defendant possessed firearm near him, because evidence showed that defendant was heavily involved in drug distribution and numerous officers testified that drug dealers frequently rely on firearms for protection). Accordingly, any rational trier of fact could conclude that the government proved all essential elements of a § 924(c)(1) offense beyond a reasonable doubt.

IV.

For these reasons, we affirm the judgment of the district court.