UNITED STATES of America,
Plaintiff-Appellee,

v.

Benjamin Charles SMITH,
Defendant-Appellant.

Charles Lewis SMITH, a/k/a Benjamin Charles Smith, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

Nos. 75–3870 and 75–4227
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 25, 1976.

Rehearing and Rehearing En Banc Denied Sept. 27, 1976.

---

* Rule 18, 5 Cir., *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

Bluford B. Sanders, Jr., El Paso, Tex. (Court-appointed), for Smith.

John E. Clark, U. S. Atty., San Antonio, Tex., Michael T. Milligan, El Paso, Tex., for U. S.

Before BROWN, Chief Judge, GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

Defendant Benjamin Charles Smith was convicted on October 14, 1975 for his escape from LaTuna Federal Correctional Institution in violation of 18 U.S.C. § 751(a). At trial defendant filed a motion to dismiss the indictment, alleging that he had been denied his right to a speedy trial as guaranteed by the Sixth Amendment. In addition, he filed for a writ of habeas corpus on the same ground. Both motions were denied by the district court. On this appeal, defendant asserts that (1) his conviction for escape was invalid in that his original sentence was illegal and (2) the indictment against him should have been dismissed in that he was denied a speedy trial.

■ Defendant's first allegation of error is totally without merit. He argues that his original conviction was invalid due to an irregularity in the sentencing and that, therefore, no valid confinement pursuant to conviction existed from which he could have escaped. Without determining the validity of defendant's original sentence, it is clear

that validity of conviction under which an escapee is confined is not an element of the offense of unlawfully escaping from confinement in a federal institution. *Mullican v. United States*, 252 F.2d 398 (5th Cir. 1958).

We, likewise, find defendant's allegation that he was denied a speedy trial to be without merit. He escaped from LaTuna Federal Correctional Institution in LaTuna, Texas on December 18, 1973, was apprehended in Canada on November 22, 1974, and was turned over to United States authorities at Oroville, Washington on December 10, 1974. While in Washington, defendant was taken before a magistrate and given his warnings, in which he was informed of the alleged escape violation. At that time, defendant informed the court that he wished to plead guilty to an escape charge in Washington, pursuant to F.R.Cr.P., Rule 20. The United States Attorney in El Paso, Texas, whose approval is required under Rule 20, would not accept the plea. Consequently an order for defendant's removal to El Paso was issued on December 30, 1974. On January 20, 1975, he was removed from Spokane, Washington and, following a lengthy trip resulting in overnight stays in many jails along the route, arrived in El Paso on February 28, 1975. An attorney was appointed for him and an indictment for escape was filed on March 24, 1975; defendant was arraigned on April 14, 1975. The case was originally set for trial on July 21, 1975, but was continued pursuant to defendant's motion for a Rule 20 transfer to Arizona. While the United States Attorney and district court judge in El Paso agreed to the transfer, the district court judge in Arizona refused to accept defendant's guilty plea and the case was transferred back to El Paso on August 20, 1975. Trial was held on October 14, 1975.

■ The government is responsible for delay only until the original trial date of July 21, in that it was through defendant's efforts that the trial was continued after that date. The total time elapsed from the time defendant was turned over to United

States officials in Washington until the original trial date was only seven months; the delay from the date that defendant arrived in El Paso until the original trial date was less than five months. In *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), The Supreme Court set down four factors that are to be assessed to determine whether a defendant has been deprived of his right to a speedy trial: length of delay, the reason for the delay, the defendant's assertion of his right, and the prejudice to the defendant. Examining this case in light of the standards articulated in *Barker*, it is clear that the delay here did not violate defendant's Sixth Amendment rights.

AFFIRMED.