UNITED STATES of America, Plaintiff–Appellee,

v.

William CURRO, Defendant–Appellant.

No. 86–2028.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 15, 1987.

Decided May 26, 1988.

Robert A. Perez (argued), Cincinnati, Ohio, for defendant-appellant.

Keith E. Corbett, Asst. U.S. Atty., Detroit, Mich., Samuel Rosenthal (argued), Washington, D.C., for plaintiff-appellee.

Before MARTIN and GUY, Circuit Judges, and JOHNSTONE, District Judge.[*]

RALPH B. GUY, Jr., Circuit Judge.

Defendant, Curro, was convicted of engaging in a racketeering enterprise, 18 U.S. C. § 1961(4), as well as various other related substantive offenses. On appeal, Curro claims the trial court erred in admitting into evidence the grand jury testimony of a witness who was deceased at the time of trial. Curro also claims the court erred in admitting certain co-conspirators' statements. Upon a review of the record, we find no error and affirm.

### I.

A detailed recitation of the facts is not necessary for consideration of the issue raised on appeal. Curro, along with several others, was indicted in a five-count indictment charging him with participation in a racketeering enterprise involving drugs, arson, counterfeit money, and theft from an interstate shipment. Conspiracy and various substantive offenses were also charged. While the pre-indictment investigation was being conducted, Edward Louzon was called before the grand jury as a witness. Louzon, a convicted felon, was involved in criminal activities with some of the defendants in this case but was never prosecuted. Louzon made two grand jury appearances. At the first grand jury appearance, there is no indication that he had any type of immunity from prosecution. At his second appearance, it is clear that he had been promised immunity.

Subsequent to Louzon's second grand jury appearance, but prior to trial in this case, he committed suicide. The government filed a Rule 804(b)(5) motion [1] seeking

---

[*] Honorable Edward H. Johnstone, United States District Court, Western District of Kentucky, sitting by designation.

1. Fed.R.Evid. 804(b)(5) provides:

   **Other exceptions.** A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these

to have Louzon's grand jury testimony admitted at trial as that of an unavailable witness. Over the objections of the defendant, the court granted the motion.

On appeal, defendant concedes that Louzon was "unavailable" and that the government gave proper notice. He also makes no serious challenge to the proposition that Louzon's testimony was probative of material facts. Defendant primarily argues that the testimony was not trustworthy and that it was not "more probative ... than any other evidence which the proponent can procure through reasonable efforts." We address these contentions seriatim.

### A.

■ On the issue of trustworthiness, defendant argues that Louzon had two reasons to falsify testimony. First, Louzon wanted to avoid prosecution himself and, second, he was angry with J.D. Thornton, one of the defendants. The starting point in our examination of this issue is that the district judge has broad discretion in determining whether statements from unavailable witnesses are trustworthy. *United States v. Carlson*, 547 F.2d 1346, 1354 (8th Cir.1976), *cert. denied sub nom. Hofstad v. United States*, 431 U.S. 914, 97 S.Ct. 2174, 53 L.Ed.2d 224 (1977). Based on a number of factors, we are inclined to agree with the district court that this testimony was trustworthy. To begin with, the testimony was extensively corroborated. *United States v. Barlow*, 693 F.2d 954 (6th Cir.1982), *cert. denied*, 461 U.S. 945, 103 S.Ct. 2124, 77 L.Ed.2d 1304 (1983). It was also voluntary. *Barker v. Morris*, 761 F.2d 1396, 1401 (9th Cir.1985), *cert. denied*, 474 U.S. 1063, 106 S.Ct. 814, 88 L.Ed.2d 788 (1986). Additionally, Louzon's testimony, delivered at his second grand jury appear-

ance, tracked the testimony of his first appearance. The testimony was given under oath and was never recanted. It involved matters about which Louzon had first-hand knowledge. At the second appearance, Louzon had use immunity and, thus, had additional motivation for telling the truth. It is also clear, as the district court observed, that by testifying before the grand jury Louzon put himself at risk, or at least felt he was at risk, either one of which is another indicator of reliability. Finally, the testimony itself was internally consistent and believable in light of other facts made apparent at trial.

As for the fact that Louzon was angry with J.D. Thornton, we first note that defendant Curro, and not Thornton, is the one raising the issue. Although Curro and Thornton were friends, there is no indication that any animus Louzon may have held toward Thornton washed over on Curro. In fact, there are many instances in Louzon's testimony when he clearly differentiates between the culpability and involvement of Curro and Thornton for various criminal acts.[2] We find, as did the district court, that this testimony had "equivalent circumstantial guarantees of trustworthiness" as is required by Fed.R.Evid. 804(b)(5).

### B.

■ Defendant's argument that the testimony should not have been admitted because it was too well corroborated, merits little attention. To begin with, this argument is inconsistent with defendant's arguments on trustworthiness where he contended there was insufficient corroboration. Second, when Rule 804(b)(5)(B) states that the statement offered should be "more probative ... than any other evidence which the proponent can procure through

---

rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement

and the particulars of it, including the name and address of the declarant.

**2.** On appeal, defendant also argues that certain portions of Louzon's testimony were prejudicial. We note that no specific objections were made to any particular portions of the testimony, so that this issue was not properly preserved for appeal.

reasonable efforts," it is not intended to mean that corroboration is fatal to admission. Such a construction would fly in the face of the requirement that the statement be found to be trustworthy. The rule prohibits taking an unnecessary shortcut. If the prosecution can get equally good evidence from equally good sources, then they should not rely on the testimony of witnesses who will not be present and are not available for cross-examination. In *United States v. Barlow,* 693 F.2d 954 (6th Cir. 1982), *cert. denied,* 461 U.S. 945, 103 S.Ct. 2124, 77 L.Ed.2d 1304 (1983), we had occasion to discuss Rule 804(b)(5) at length. Throughout this discussion it is made clear that corroboration is very important in weighing the question of admissibility, particularly where the testimony is "direct evidence of guilt or critical proof of guilt." 693 F.2d at 962.

■ Since Louzon's testimony before the grand jury related to several members of this criminal enterprise and also related to several different criminal acts, it was critical to the government's establishment of the RICO charge elements. The mere fact that, in a case involving multiple parties and multiple offenses, there is some overlap between the testimony of available witnesses and a non-available witness does not result in a violation of the safeguard provisions of Rule 804(b)(5).

### II.

Defendant's argument as to claimed error in admitting co-conspirators' statements under Fed.R.Evid. 801(d)(2)(E) has two components. Both implicate the 801(d)(2)(E) requirement that to be admissible such statements must be made "during the course and in furtherance of the conspiracy." Curro first argues that, in making this determination, the court erred in considering the hearsay statements themselves as part of the calculus. Curro's second argument is that the trial judge merely "concluded" that the statements passed muster without giving his reasons.[3]

■ Since our decision in *United States v. Vinson,* 606 F.2d 149 (6th Cir.1979), *cert. denied,* 444 U.S. 1074, 100 S.Ct. 1020, 62 L.Ed.2d 756 (1980), it has been the rule that in making a Rule 801(d)(2)(E) determination the trial court may consider the hearsay statement itself. *See also United States v. Arnott,* 704 F.2d 322, 325 (6th Cir.), *cert. denied,* 464 U.S. 948, 104 S.Ct. .364, 78 L.Ed.2d 325 (1983). Defendant argues that other circuits disagree and that *Vinson* and *Arnott* have been criticized. This debate has been settled, however, by the Supreme Court's decision in *Bourjaily v. United States,* —— U.S. ——, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987), where the Court indicated that the hearsay statements themselves could be considered.

■ Curro's final argument is that the district court stated its conclusions, but did not indicate specific reasons why it found the admitted statements to be made during the course and in furtherance of the conspiracy. There is apparently no case authority dealing directly with this precise question in a comparable fact situation. Nevertheless, we find guidance in some of the general principles which govern the admissibility of evidence. The 801(d)(2)(E) ruling is an evidentiary ruling, and there is no general proposition of law that requires a trial judge to explain evidentiary rulings. Evidentiary rulings are reviewed on an abuse of discretion standard. Obviously, it is easier for an appellate court to review a trial court's exercise of discretion if the reasons in support of the court's ruling are made known or are otherwise readily apparent. On more complex rulings, some explanation undoubtedly would be helpful even if not required. The very context in which this issue arises in this case demonstrates that no hard and fast rule would be practical. This is not a situation in which one statement is at issue but, rather, the entire testimony of witness Louzon. That testimony consisted of statements based on the direct knowledge and observation of Louzon; the admissions of various defend-

---

**3.** The government contends that neither of these arguments were made in the district court, and thus, the only error cognizable on appeal would be "plain error." Fed.R.Crim.P. 52(b). Since we conclude there was no error whatsoever, we do not address this issue.

ants, including Curro; and the statements of co-conspirators. It is only this latter category, the statements of co-conspirators, which must meet the "during the course and in furtherance of" test.

The conspiracy alleged in the indictment ran from "January 1, 1981, through the present [October 29, 1985], both dates being approximate, the exact dates being unknown...." Due to the fact that a RICO enterprise offense was charged, there were numerous crimes and numerous persons implicated. Since Louzon's testimony related to the time span alleged in the indictment, it is clear that it was relevant to events and statements made "during the course" of the conspiracy. Also, since the offense charged was a free-wheeling RICO conspiracy, there were many different criminal acts involved, all of which were "in furtherance of" the conspiracy. Thus, in this case it was clear that the statements in question were made "during the course and in furtherance of" the conspiracy. It is equally clear upon review that the trial judge's conclusion was correct. We caution, however, that a mere conclusory statement will not always suffice. *United States v. Mahar*, 801 F.2d 1477 (6th Cir. 1986). In *Vinson*, we set forth three methods by which the court may deal with the co-conspirator exception to the hearsay rule. *Vinson*, 606 F.2d at 152–153. Where the court elects, as was done here, to admit the hearsay statements subject to later demonstrations of their admissibility, the trial burden is eased as the case goes forward without interruption. However, the burden on the trial judge is increased since a finding must be made that the government has demonstrated, by a preponderance of the evidence, that a conspiracy existed, that the defendant against whom the statements are hearsay was a participant, and that the statement was made in the course and in furtherance thereof. In this case, we are able to say with confidence that the government met its burden, but, as we stated in *Mahar*, "[a]n appellate court is not the proper forum to conduct the needed factual hearing required under [*United States v.*] *Enright* [579 F.2d 980

(6th Cir.1978)] and *Vinson*." 801 F.2d at 1503.

AFFIRMED.

JOHNSTONE, Chief District Judge, concurring.

While concurring with the conclusion reached by the majority, I write separately because the transcript of Louzon's Grand Jury testimony included extensive statements not related to or in the furtherance of the conspiracy, which statements were hearsay to the second and third power. A large portion of the transcript was admissible under the reasons stated by the majority; other portions were not. These inadmissible, non-conspiratorial statements could have been excised from the transcript before permitting it to be read to the jury. To bootstrap the inadmissible evidence through Fed.R.Ev. 804(b)(5) constitutes error. However, the error was harmless in view of the overwhelming evidence against the defendant.