**William Joseph CURRO, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 92–1673.

United States Court of Appeals, Sixth Circuit.

Submitted March 8, 1993.

Decided Sept. 3, 1993.

William Joseph Curro, (briefed), pro se.

Keith Corbett, Asst. U.S. Atty. (briefed), Office of U.S. Atty., Detroit, MI, for U.S.

Before: BOGGS and BATCHELDER, Circuit Judges, and MANOS, Senior District Judge.*

BOGGS, Circuit Judge.

William Joseph Curro, a pro se prisoner, is appealing from the district court's denial of his habeas corpus petition. For the reasons given below, we affirm the district court.

I

Curro was convicted of engaging in a racketeering enterprise, in violation of the Racketeer Influenced and Corrupt Organizations Act, as well as related substantive offenses. He timely appealed, claiming that the admission into evidence at trial of the grand jury testimony of Edward Louzon, who died between the time of his grand jury testimony and the trial, was reversible error. A panel of this court rejected his argument in *United States v. Curro*, 847 F.2d 325 (6th Cir.1988).

In July 1991, Curro filed a habeas corpus petition under 28 U.S.C. § 2255, seeking to vacate his sentence. He argued that admission of Louzon's testimony violated the Confrontation Clause as interpreted by the Supreme Court in *Idaho v. Wright*, 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990). The magistrate judge before whom the matter was heard recommended that Curro's petition be granted. The government filed objections, and the district court denied the petition. Curro timely filed this appeal.

* The Honorable John M. Manos, Senior United States District Judge for the Northern District of Ohio, sitting by designation.

## II

Hearsay evidence from an unavailable declarant is admissible at trial under the Federal Rules of Evidence if it fits one of the itemized exceptions to the general prohibition or if it has "equivalent circumstantial guarantees of trustworthiness." Fed.R.Evid. 804(b)(5). However, the Confrontation Clause may place additional restrictions on such evidence. In examining that issue in *Wright*, the Supreme Court held that the Confrontation Clause "does not necessarily prohibit the admission of hearsay statements against a criminal defendant, even though the admission of such statements might be thought to violate the literal terms of the Clause." 497 U.S. at 813, 110 S.Ct. at 3145. The Court reaffirmed the general approach to determining admissibility that it had described in *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). Thus, hearsay from an unavailable declarant can be admitted in a criminal trial, satisfying both the Federal Rules of Evidence and the Confrontation Clause, when the statement falls within a firmly-rooted hearsay exception or when it is supported by particularized guarantees of trustworthiness. *See Roberts*, 448 U.S. at 66, 100 S.Ct. at 2539; *Wright*, 497 U.S. at 816–17, 110 S.Ct. at 3147.

In *United States v. Gomez–Lemos*, 939 F.2d 326 (6th Cir.1991), the Sixth Circuit considered circumstances in which those particularized guarantees, or indicia of trustworthiness, were present. We refused to admit the proffered hearsay, noting that in that case there were no guarantees the evidence was reliable. In a separate concurrence, however, Judge Nelson specifically noted differences between *Gomez–Lemos* and *Curro*, contrasting the two and determining that in *Curro* the evidence was, and should have been, admitted.

On revisiting the issue, we agree. The hearsay evidence admitted in *Curro* satisfied both the Confrontation Clause and the Federal Rules of Evidence. Louzon, the witness, had testified consistently on two separate occasions before two grand juries; on one occasion the testimony was under a grant of immunity and on the other occasion it was a statement against penal interest (a separate and distinct exception to the hearsay rule); and Louzon felt that he was at risk when he was testifying. Given the totality of the circumstances, there was no abuse of discretion in finding that the evidence was reliable.

The denial of Curro's petition is AFFIRMED.