4 F.3d 995
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph Franklin WALKER, Defendant-Appellant.
 No. 92-6130.
 United States Court of Appeals, Sixth Circuit.
 Sept. 8, 1993.
 
 Before: MARTIN and SILER, Circuit Judges, WEBER, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Joseph Franklin Walker appeals his conviction of escaping from a halfway house, in violation of 18 U.S.C. Sec. 751(a). The issues are whether the district court erroneously: (1) admitted evidence of motive under Fed.R.Evid. 404(b) that defendant raped his stepdaughter prior to his escape; (2) admitted evidence that defendant rented automobiles in Texas and Alabama after his escape; (3) instructed the jury that it could consider defendant's flight as consciousness of guilt; (4) excluded defendant's proferred defense that he was not guilty of escape because his federal sentence had expired and his custody was illegal; and (5) departed upward from the sentencing guidelines. For reasons stated hereafter, we affirm.
 
 I.
 
 2
 Prior to defendant's jury trial, he filed a motion in limine, seeking to exclude evidence that he had raped his 16-year old stepdaughter shortly before his escape. The government filed a response to defendant's motion, stating that the evidence was properly admissible under Rule 404(b).[1] The district court denied defendant's motion and sentenced him to sixty-months imprisonment and three-years supervised release.
 
 
 3
 In 1987, defendant was convicted of various interstate theft crimes and sentenced to a six-year imprisonment term. His release date on these convictions was January 5, 1992. He was transferred from a prison to a halfway house (Bannum Place) in Memphis, Tennessee, on October 15, 1991. Defendant was advised both when he left FCI Seagoville and when he arrived at Bannum Place that his release date was January 5, 1992.
 
 
 4
 While at Bannum Place, defendant was allowed to check out to go to work and to visit his family at 6:00 a.m. on weekdays and was required to check in by 9:00 p.m. On weekends, defendant was required to check in at 4:00 p.m. on Friday, but was allowed to stay out until 9:00 p.m. on Sunday, at which time he was required to report back. Defendant was required to be accessible by telephone to Bannum Place officials.
 
 
 5
 Defendant's wife, Joyce Walker, lived in Memphis, and defendant worked out of their apartment. Defendant spent weekends at the apartment with his wife and two stepdaughters, one of whom was sixteen-year-old Patricia. On December 9, 1991, defendant, while on leave from Bannum Place, picked up Patricia at school, drove around for several hours, bought her vodka, took her to a motel, and raped her. After returning Patricia to the apartment, defendant returned to Bannum Place to check in by 9:00 p.m. When Joyce confronted Patricia with a motel receipt she found in defendant's jacket, Patricia told her about the rape. On December 10, 1991, defendant contacted Joyce and he admitted he had sex with Patricia at a motel, but denied raping her. Joyce then notified Bannum Place officials and the police. Defendant left Bannum Place on December 10, 1991, and never returned. Defendant was arrested in Jacksonville, Florida, on January 16, 1992.
 
 II.
 
 6
 Defendant argues that the district court erroneously admitted the rape evidence, because escape is a general intent crime, and motive is not an element of the crime. "[T]he court must decide whether the evidence would serve a permissible purpose such as one of those listed in the second sentence of Rule 404(b). If so, the court must consider whether the probative value of the evidence is outweighed by its potential prejudicial effect." United States v. Huddleston, 811 F.2d 974, 976 (6th Cir.1987), aff'd, 485 U.S. 681 (1988) (citation omitted).
 
 
 7
 We agree with the government in determining that the rape evidence is admissible under Rule 404(b), as it was offered for a permissible purpose, to show defendant's motive to escape, and because the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. See United States v. Feinman, 930 F.2d 495, 499 (6th Cir.1991); United States v. Vance, 871 F.2d 572, 575-76 (6th Cir.), cert. denied, 493 U.S. 933 (1989). District courts have broad discretion in determining the admissibility of Rule 404(b) evidence. Vance, 871 F.2d at 576. "Bad acts" evidence is permissible to prove defendant's motive for committing a crime. Id. Without evidence of defendant's rape, "the prosecution would have been hard-pressed to present a credible case explaining why" defendant escaped. Id. Further, Rule 404(b) evidence is admissible to prove motive even in general intent crimes. United States v. Hatfield, 815 F.2d 1068, 1072 (6th Cir.1987).
 
 III.
 
 8
 Defendant argues that the district court erroneously admitted evidence that he rented automobiles, because his actions subsequent to leaving Bannum Place were not an element of the escape crime. "Evidentiary rulings are reviewed on an abuse of discretion standard." United States v. Curro, 847 F.2d 325, 328 (6th Cir.), cert. denied, 488 U.S. 843 (1988). The court did not abuse its discretion in allowing the admissibility of evidence that defendant rented automobiles in Texas on December 24, 1991, and in Alabama on January 8, 1992, as it was admitted to prove defendant's flight and disappearance from Bannum House. See United States v. Touchstone, 726 F.2d 1116, 1119 (6th Cir.1984).
 
 IV.
 
 9
 Defendant argues that the district court erroneously charged the jury that defendant's flight showed consciousness of guilt. The district court has a duty to fairly and adequately present the issues and applicable law to the jury. United States v. Martin, 740 F.2d 1352, 1361 (6th Cir.1984). A judgment can be reversed if the jury instructions, viewed as a whole, were confusing, misleading and prejudicial. Beard v. Norwegian Caribbean Lines, 900 F.2d 71, 72-73 (6th Cir.1990).
 
 
 10
 The district court instructed the jury, stating:
 
 
 11
 You heard testimony that after the crime was supposed to have been committed, the defendant travelled to other states and countries. If you believe that the defendant fled to those other states and countries, then you may consider this conduct along with all of the other evidence in deciding whether the government has proved beyond a reasonable doubt that he committed the crime charged. This conduct may indicate that he thought that he was guilty and was trying to avoid punishment.
 
 
 12
 On the other hand, sometimes an innocent person may flee to avoid being arrested, or for some other innocent reason.
 
 
 13
 This charge, taken as a whole, fairly and adequately submitted the issue and applicable law to the jury.
 
 V.
 
 14
 Defendant argues that the district court erroneously excluded defendant's proffered defense that he was not guilty of escape because his federal sentence had expired as of December 10, 1991, the day of the alleged escape. The district court held that: (1) the legality of defendant's confinement was not a proper issue for the jury; (2) defendant could not assert a defense that his sentence had expired; and (3) it would not give a jury instruction on the defense of illegality.
 
 
 15
 If a defense theory has "some support in the evidence and in the law, a defendant is entitled to some mention of that theory in the instructions." United States v. Garner, 529 F.2d 962, 970 (6th Cir.), cert. denied, 426 U.S. 922 and 429 U.S. 850 (1976) (citation omitted). Upon proper request, "it is reversible error not to present that theory adequately in a full statement of the law" even if the supporting evidence is "weak, insufficient, inconsistent, or of doubtful credibility." United States v. Duncan, 850 F.2d 1104, 1117-18 (6th Cir.1988) (citations omitted).
 
 
 16
 The district court did not erroneously fail to present defendant's argument that he was illegally confined at the time of his escape, because the validity of defendant's conviction is not an element of the offense. See United States v. Smith, 534 F.2d 74, 75 (5th Cir.1976).
 
 18 U.S.C. Sec. 751 provides:
 
 17
 Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or commissioner, or from the custody of an officer or employee of the United States pursuant to lawful arrest, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense ... [shall be guilty of an offense against the United States].
 
 
 18
 "A lawful arrest is not a prerequisite to the crime of escape mandated by section 751(a), since the section is to be read in the disjunctive, not conjunctive, and neither the regularity of his arrest nor the propriety of his confinement can be tested by an act of escape." United States v. Roy, 830 F.2d 628, 638 (7th Cir.1987), cert. denied, 484 U.S. 1068 (1988) (citation omitted).
 
 VI.
 
 19
 Defendant argues that "the court's departure to the statutory maximum sentence of sixty months was not reasonable under the circumstances of this case." The court must impose a sentence within the applicable guideline range "unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. Sec. 3553(b). A departure is warranted "when the criminal history category significantly under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes." See U.S.S.G. Sec. 4A1.3.
 
 
 20
 We agree with the government in determining that the district court did not erroneously depart upward, because: (1) defendant had a "huge" number of criminal history points; and (2) there was a strong likelihood of recidivism. Defendant had considerably more criminal history points than necessary to group him in category VI. See United States v. Osborne, 948 F.2d 210, 214 (6th Cir.1991). As defendant's criminal history category underrepresented the seriousness of his criminal history and the likelihood of recidivism, an upward departure was justified. See U.S.S.G. Sec. 4A1.3; Feinman, 930 F.2d at 502. The court's explanation of the departure implicates both of these concerns. During the sentencing hearing, the court stated:
 
 
 21
 THE COURT: As I indicated, I think the government has shown adequate basis and justified basis for departure upward in this case. I think the criminal history category, while not generally dealing or involving violent crimes or even drug crimes generally, is so huge or so large compared to the criminal history category IV, that a departure is justified for that reason. I do not think, were I legally able, would I go to seventy-three to eight-one months, but I do think that a substantial increase is warranted.
 
 
 22
 I also think that the record of Mr. Walker indicates without almost any question that he is likely to continue to commit crimes when he is released from prison. I don't think any other conclusion can reasonably be reached when his record of prior criminal activity is considered.
 
 
 23
 The sentencing range applicable to defendant imposed an imprisonment term between thirty-three and forty-one months. This Guideline range applied because defendant had an offense level of thirteen and a criminal history category of VI. Defendant had thirty criminal history points, more than twice as many as required for criminal history category VI. "A criminal history score [that] nearly double[s] the score indicated in category VI may be deemed sufficiently unusual to warrant a departure." Osborne, 948 F.2d at 214 (citation omitted).
 
 
 24
 AFFIRMED.
 
 
 
 *
 Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation
 
 
 [1]
 Fed.R.Evid. 404(b) provides that:
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.