IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30102
Conference Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MILTON AMOS BROWN,

                                        Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. CR-94-224-I-5
- - - - - - - - - -
(October 18, 1995)

Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

Brown argues that the district court should have dismissed the indictment charging him with felony escape in light of his defense to the escape charge.  Brown moved to dismiss the indictment on the basis that he had completed his sentence when he resorted to self-help to end his confinement.

The validity of the conviction or sentence under which an escapee is confined is not an element of the offense of felony

_____

   [*]    Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

escape.  See United States v. Smith, 534 F.2d 74, 75 (5th Cir. 1976) (rejecting challenge that conviction for escape was invalid because original sentence was illegal), cert. denied, 429 U.S. 1100 (1977); see also United States v. Cluck, 542 F.2d 728, 732 (8th Cir.) (an individual in federal custody cannot test the underlying propriety of his confinement by escaping from it), cert. denied, 429 U.S. 986 (1976).  Brown's contention that the indictment should be dismissed because his confinement was unlawful is without merit.

Brown also argues that the district court erred in adding three criminal history points for a previous 1983 conviction because the actual sentence served for that conviction was less than one year and one month and was later amended to reflect that fact.  However, Brown's sentence of imprisonment for the firearms offense was 15 months of imprisonment, regardless of the actual time served.  The district court did not err in adding three criminal history points for this offense.  See U.S.S.G. § 4A1.1(a) and comment. n.1.

Brown asserts that the district court incorrectly gave him an additional criminal history point for the instant offense as having been committed less than two years after release from imprisonment on a sentence.  However, even if the district court did err in imposing this additional point, any error would be harmless because Brown would have still been in the same criminal history category.  See Williams v. United States, 503 U.S. 193, 202-03 (1992).

AFFIRMED.