Filed:  December 4, 1997

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

_____

No. 96-4253
(CR-94-52)

_____

United States of America,

Plaintiff - Appellee,

versus

Eustace Brown, a/k/a Rocky,

Defendant - Appellant.

_____

O R D E R

_____

The Court amends its opinion filed November 6, 1997, as follows:

On the cover sheet, section 7, line 3 -- government counsel's name is corrected to read "Thomas O. Mucklow."

For the Court - By Direction

/s/ Patricia S. Connor
_____
Clerk

**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 96-4253

EUSTACE BROWN, a/k/a Rocky,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Chief District Judge.
(CR-94-52)

Submitted: June 17, 1997

Decided: November 6, 1997

Before WILKINS and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael E. Hooper, HERNDON, MORTON, HERNDON &
YAEGER, Wheeling, West Virginia, for Appellant. William D. Wil-
moth, United States Attorney, Thomas O. Mucklow, Assistant United
States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Eustace Brown appeals his conviction for possession with intent to distribute crack cocaine. The central thrust of this appeal is Brown's contention that the district court erred when it admitted deceased witness Maurice Tobin's grand jury testimony. He asserts that the district court ran afoul of the Confrontation Clause when it relied impermissibly on evidence of corroboration in the record to conclude the evidence was admissible. See Idaho v. Wright, 497 U.S. 805 (1990); United States v. Ellis, 951 F.2d 580, 582 (4th Cir. 1991). He further suggests, without the support of any caselaw, that the constitutional constraints of the Confrontation Clause and the boundaries of Fed. R. Evid. 804(b)(5) are not co-extensive. Because of this difference, continues Brown, the district court erred in not conducting a separate inquiry to preserve Brown's confrontation rights. Finally, he suggests that the trial court erred in determining that Tobin's testimony was admissible under Fed. R. Evid. 804(b)(5). Because we find that none of these contentions has merit, we affirm Brown's conviction.[1]

A jury convicted Brown of several charges related to a conspiracy to distribute crack cocaine. See 21 U.S.C. §§ 841(a)(1), 846 (1994); 18 U.S.C. § 2 (1994). The conviction was based to some degree on Tobin's grand jury testimony. In the trial court, Brown's brief in opposition to the use of Tobin's testimony cited only United States

---

[1] Brown also urges this court to revisit its position on the impact of the 100 to 1 ratio of crack cocaine to powder cocaine in sentence with regard to equal protection and the rule of lenity. We have repeatedly held that this equal protection argument is without merit, and do so again. See United States v. Fisher, 58 F.3d 96, 99-100 (4th Cir. 1994) (collecting cases). In Fisher, we also declined to apply the rule of lenity to the statute, id. at 99, and Brown has relied solely on the one district court case whose logic we explicitly rejected in Fisher. Id. at ___. Brown therefore gives us no cause to revisit the analysis in that case.

2

v. West, 574 F.2d 1131 (4th Cir. 1978), to provide the standard by which the admissibility of the testimony should be considered. Brown suggested to the district court that the opinion in West required consideration of the "levels of verification and corroboration" to determine the guarantees of trustworthiness necessary for admissibility. J.A. 17. Brown then argued that Tobin's grand jury testimony lacked any "means of verification or corroboration." Id.

Based on that case, at the hearing on the admissibility of the testimony, the district court requested the Government to address, among other issues, the level of corroboration of the testimony. J.A. 20-21. After the Government did so, Brown's counsel responded by suggesting that the Government was unable to show the "extraordinary corroboration" required for admissibility. J.A. 31. In his motion for a new trial, Brown again drew the district court's attention to West and protested the lack of corroboration of Tobin's testimony. J.A. 78-80. Not surprisingly, the district court examined the degree of corroboration and concluded that it was sufficient. J.A. 91.

At no point did Brown cite Idaho v. Wright, or United States v. Ellis, the two cases he now relies on to argue that the district court erred. The Supreme Court's decision in Wright significantly erodes this court's opinion in West to the extent that reliance on corroboration in the record of hearsay testimony is appropriately considered in determining its admissibility under Rule 804(b)(5). Compare Wright, 497 U.S. at 823, with West, 574 F.2d at 1135-36. Nonetheless, Brown's counsel consistently relied on West to argue that the Government had failed to show sufficient corroboration of the grand jury testimony for the evidence to be properly admissible. Now, on appeal, Brown seeks to have this court assign error to the district court for employing the very standard he urged on the district court. This we decline to do. We conclude that to the extent there was any error in the consideration by the district court of corroborative information in the record with regard to the admissibility of the grand jury testimony, such error was invited and does not provide a basis for vacating Brown's conviction. United States v. Neal, 78 F.3d 901, 904 (4th Cir. 1996).

In his next attempt to assign error to the admission of Tobin's testimony, Brown contends that analysis of the propriety of hearsay evi-

3

dence under the Confrontation Clause requires something more than the protection Rule 804(b)(5) affords. That inquiry, suggests Brown, would require confrontation, cross-examination and a further showing of particularized guarantees of trustworthiness. Other than Judge Widener's studied dissent in West, Brown identifies no caselaw that would support his position.

We have held after West that when Rule 804(b)(5) is met, the Confrontation Clause is satisfied. United States v. Workman, 860 F.2d 140, 144 (4th Cir. 1988) (citing Bourjaily v. United States, 483 U.S. 171 (1987)). Under the Rule, "the inquiry into trustworthiness aligns with the inquiry demanded by the Confrontation Clause." United States v. Clarke, 2 F.3d 81, 84 (4th Cir. 1993). Although the "various exceptions to the evidentiary rule and the constitutional stricture are not necessarily coterminous," United States v. Shaw, 69 F.3d 1249, 1253, we have consistently considered the concerns of the Confrontation Clause and admissibility under Rule 804(b)(5) in virtually the same analysis. United States v. McHan, 101 F.3d 1027, 1037 (4th Cir. 1996); Shaw, 69 F.3d at 1253-54. As a result, without a more compelling motive than Brown's assertion that they "must" be subject to separate standards, we decline to call into question our consistent course of analysis.

Finally, Brown's contention that the district court erred in admitting the evidence under Rule 804(b)(5) need not detain us for long. Even if the district court's improper reliance on corroboration was not invited, we would find that the grand jury testimony was properly admitted. Although the rule requires several distinct findings on the part of the district court, see Shaw, 69 F.3d at 1253, Brown disputes only the sufficiency of the guarantees of trustworthiness. A trial judge's findings on the guarantees of trustworthiness are subject to the clearly erroneous standard of review. United States v. Workman, 860 F.2d 140, 144 (4th Cir. 1988).

We have consistently held that grand jury testimony that carries sufficient circumstantial guarantees of trustworthiness is admissible under Rule 804(b)(5). United States v. McHan, 101 F.3d 1027 (4th Cir. 1997); United States v. Clarke, 2 F.3d 81, 83 (4th Cir. 1993); United States v. Thomas, 705 F.2d 709, 711-12 (4th Cir. 1983); United States v. Walker, 696 F.2d 277, 280-81 (4th Cir. 1982); United

4

States v. Murphy, 696 F.2d 282, 286 (4th Cir. 1982); United States v. West, 574 F.2d 1131, 1136 (4th Cir. 1978) United States v. Garner, 574 F.2d 1141, 1144 (4th Cir. 1978). Despite that general acceptance, "it should not be concluded that simply because the hearsay is grand jury testimony it automatically satisfies" the sufficient indicia of reliability concern. McHan, 101 F.3d at 1038. A reviewing court must still examine the statement for guarantees of trustworthiness. Id.

Several factors demonstrate that the district court did not commit clear error in concluding Tobin's testimony bore sufficient guarantees of trustworthiness. United States v. Shaw, 69 F.3d 1249, 1253 (4th Cir. 1995). Tobin's testimony was clothed in some of the typical "indicia of trustworthiness" incumbent in a grand jury proceeding. McHan, 101 F.3d at 1038. The testimony was given in the solemn setting of the grand jury under oath, which carried with it the possibility of a perjury charge if he knowingly testified falsely. The testimony was recorded verbatim, minimizing the risk of error or intimidation by the Government. The grand jury was allowed to question Tobin to explore his testimony and credibility. Furthermore, he testified voluntarily and he agreed to be truthful in all of his testimony or risk breaching his plea agreement with the United States and subjecting himself to additional charges. See McHan, 101 F.3d at 1038 (citing Curro v. United States, 4 F.3d 436, 437 (6th Cir. 1993), and Ellis, 951 F.2d at 583)). Tobin's testimony was based on first-hand knowledge and remained internally consistent. McHan, 101 F.3d at 1038 (citing Dutton v. Evans, 400 U.S. 74, 88-89 (1970)). Thus, Tobin's testimony had the requisite "ring of reliability." United States v. Clarke, 2 F.3d 81, 85 (4th Cir. 1993). We are not left with a "definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). Consequently, the district court did not clearly err in concluding that it was admissible.[2]

Finding no merit to Brown's assignments of error, we affirm Brown's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the

_____

[2] Even if we were to assume that the district court committed clear error, that error was rendered harmless by the otherwise "sufficient guarantees of trustworthiness." Shaw, 69 F.3d at 1253 n.5.

5

materials before the Court and argument would not aid the decisional process.

AFFIRMED