UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10865
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERMAN RUBI-PEREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
Criminal Cause Number 4:00-CR-296-A
_____
March 19, 2002

Before JOLLY, JONES, and SMITH, Circuit Judges.

EDITH H. JONES, Circuit Judge:[*]

Appellant Rubi-Perez challenges his conviction for
escaping from an INS detention center where he was confined
awaiting deportation, in violation of 18 U.S.C. § 751(a). He
asserts that the district court should have permitted his attorney
to cross-examine an INS witness for the purpose of showing that the

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appellant was in custody without any hope of ever being removed back to Cuba and therefore in violation of his due process rights. Holding that the district court did not abuse his discretion, we affirm.

The district court has wide discretion in determining the relevance of evidence, and his exercise of that discretion is reviewed only for instances of abuse. United States v. Bryant, 991 F.2d 171, 175 (5th Cir. 1993). Rubi-Perez was charged with escaping from an INS detention center where he was "lawfully confined at the direction of the Attorney General" and by virtue of a final order of removal. 18 U.S.C. § 751(a). This court has not addressed whether the illegality of confinement for violation of the immigration laws constitutes a valid defense in a § 751(a) prosecution. We have, however, rejected the contention that conviction under this provision for escape from a federal correctional institution was invalid because the defendant's original sentence for which he was confined was illegal. United States v. Smith, 534 F.2d 74, 75 (5th Cir. 1976). We held that the validity of the conviction under which an escapee is confined is not an element of the offense of unlawfully escaping from confinement in a federal institution. Id. See also United States v. McKim, 509 F.2d 769, 774 (5th Cir. 1975). The district court's conclusion that the alleged illegality of Rubi-Perez's confinement was irrelevant is therefore correct.

Rather than argue the elements of the crime of escape, Rubi-Perez contends that the Supreme Court's recent decision holding indefinite detention of illegal aliens to be unconstitutional "vindicates" his position. <u>Zadvydas v. Davis</u>, 533 U.S. 678, 121 S.Ct. 2491 (2001). <u>Zadvydas</u> was decided approximately three months after Rubi-Perez's trial. The federal escape statute was not at issue in <u>Zadvydas</u> and, as the government argues, the case does not authorize an alien simply to escape from INS detention once he believes his detention has become unlawful. At most, that case may be helpful to Rubi-Perez in establishing the unreasonableness of his continued detention after his term of imprisonment for escape ends.

For these reasons, the judgment of conviction is **AFFIRMED**.