[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13434
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 8, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00173-CR-LSC-TMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL LAFITTE DUMONDE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(July 8, 2010)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Daniel Lafitte Dumonde, pro se, appeals his nolo contendere guilty plea to knowingly escaping from the custody of the Attorney General or from any institution or facility in which he was confined by direction of the United States by

any court, judge or magistrate, in violation of 18 U.S.C. § 751(a). On appeal, he argues that the district court lacked subject-matter jurisdiction over his § 751 offense; that his plea was involuntary because the district court had ordered him to obtain a psychiatric examination; and that his underlying conviction for making, possessing, and uttering a counterfeit security, in violation of 18 U.S.C. §§ 513(a) and 2, that had subjected him to confinement from which he escaped, was invalid. After thorough review, we affirm.

We review the voluntariness of a guilty plea de novo. United States v. Frye, 402 F.3d 1123, 1126 (11th Cir. 2005). A "defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992). However, the requirement that the district court have subject-matter jurisdiction over the charge of conviction cannot be waived. United States v. De La Garza, 516 F.3d 1266, 1271 (11th Cir. 2008), cert. denied, 129 S.Ct. 1668 (2009). District courts have original jurisdiction over all offenses against the laws of the United States. 18 U.S.C. § 3231.

Title 18 U.S.C. § 751 states:

Whoever escapes . . . from the custody of the Attorney General or his authorized representative, or from any institution or facility in which

2

he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or magistrate judge, or from the custody of an officer or employee of the United States pursuant to lawful arrest, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined under this title or imprisoned not more than five years, or both . . . .

18 U.S.C. § 751(a). In United States v. Smith, 534 F.2d 74, 75 (5th Cir. 1976),[1] the defendant had been convicted of § 751(a) and had argued that his conviction for escape was invalid because there was an irregularity in the sentencing for his original conviction. Id. The defendant had asserted that there was no valid confinement from which he could have escaped. Id. We held that we need not determine the validity of the defendant's original sentence because it was clear that "validity of conviction under which an escapee is confined is not an element of the offense of unlawfully escaping from confinement in a federal institution." Id.

As an initial matter, we hold that district court had subject-matter jurisdiction over Dumonde's § 751(a) conviction because escape from custody is an offense against the laws of the United States. See 18 U.S.C. §§ 751(a), 3231. We also hold that Dumonde is not challenging the voluntariness of his plea, but rather challenging the district court's order requiring him to obtain a psychiatric

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

examination. Because this is a nonjurisdictional challenge to Dumonde's conviction, Dumonde has waived this argument. See Wilson, 962 F.2d at 997. Similarly, because the validity of Dumonde's underlying conviction for 18 U.S.C. §§ 513(a) and 2 is not at issue in this case, Dumonde has waived this claim, which is another nonjurisdictional challenge to Dumonde's current guilty plea conviction. See id. And in any event, the argument lacks merit because the validity of the underlying conviction is not a defense to escape. See Smith, 534 F.2d at 75.

**AFFIRMED.**